IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DREW KARIN<br>8 Deer Run Rd., Apt. 1<br>West Hazelton, PA 18202 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff,<br>v. | : <br> : <br> : <br> : | DOCKET NO.: |
| BOSCOV'S DEPARTMENT STORE, LLC<br>4500 Perkiomen Avenue<br>Reading, PA 19606<br>          And<br>BOSCOV'S INC.<br>4500 Perkiomen Avenue<br>Reading, PA 19606 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendants. | : <br> : | |

## CIVIL ACTION COMPLAINT

Drew Karin (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff against Boscov's Department Store, LLC and Boscov's Inc. (hereinafter collectively referred to as "Defendants") for violations of the Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq*.) and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that he was unlawfully terminated from Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff will move to amend her instant lawsuit to include a claim under the Pennsylvania Human Relations Act once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant Title VII claims identically.

**JURISDICTION AND VENUE**

2.    This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under Title VII.

3.    This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.    Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.    Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings (with respect to his Title VII claims) before initiating this action by timely filing his claims with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

6.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.    Plaintiff is an adult individual, with an address as set forth in the caption.

2

8.     Defendants jointly own and operate department stores throughout the United States, including the Boscov's Department Store located in Hazelton, PA wherein Plaintiff physically worked.

9.     Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10.     At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff was hired to work for Defendants in or about April/May of 2018 as a Cosmetics Counter Manager for Elizabeth Arden.

13.     At all times relevant herein, Plaintiff was supervised (directly and indirectly) by three female managers. The hierarchy of such managers during Plaintiff's employment with Defendants was as follows:

    i. Kim Gormley – Store Manager (hereinafter "Gormley");

    ii. Nicole Yurkanin – Cosmetics Manager (hereinafter "Yurkanin"); and

    iii. Melissa Krupilis – Assistant Store Manager (hereinafter "Krupilis").

3

14.  Plaintiff is a gay male.

15.  During his employment with Defendants, Plaintiff was the only male employee within the beauty department at Defendants' Hazelton, PA location.

16.  While Plaintiff was an extremely dedicated and hard-working employee who performed his job well, his employment with Defendants was tainted by the hostile work environment he was consistently subjected to by his female co-workers, Yurkanin, Gormley, and Kaitlyn Murphy – Store Level Human Resources Manager (hereinafter "Murphy")

17.  For example, but not intending to be an exhaustive list:

   i.  Plaintiff was treated in a rude and demeaning manner by his female co-workers, as well as Yurkanin, Gormley, and Murphy;

   ii.  Plaintiff was accused of stealing sales from female co-workers (which is not true);

   iii.  Plaintiff's female co-workers and a female freelancer working for Defendants acted extremely aggressive towards Plaintiff, would berate him on the sales floor in front of customers and would make demeaning comments to him such as "I don't care about you or what you have to say" and "someone is going to punch you in the face one day;"

   iv.  Instead of Plaintiff's co-workers being reprimanded for their aforesaid discriminatory and unprofessional behavior, Plaintiffs' management would instead chastise Plaintiff upon reporting such conduct;

   v.  Plaintiff's managers would consistently schedule Plaintiff for less hours than his female counterparts;

4

vi.   Plaintiff's managers refused to acknowledge Plaintiff's positive attributes as an employee and instead consistently scolded him for bringing to light concerns regarding discrimination and harassment within his department;

vii.   Plaintiff had policies selectively enforced against him and was reprimanded for things that female employees would falsely claim about him; and

viii.   Defendants' management refused to meet with Plaintiff one-on-one.

18.   Plaintiff never observed female employees within his department being treated in the same demoralizing and discriminatory manner as described *supra*.

19.   Between September of 2018 and Plaintiff's termination in March of 2019 (discussed further *infra*), Plaintiff complained on numerous occasions to various members of Defendants' management and Human Resources (HR) department about the discriminatory treatment that he was being subjected to on account of his gender.

20.   The individuals that Plaintiff complained to regarding the aforesaid gender discrimination he was being subjected to included but was not limited to:

i.   Gormley;

ii.   Murphy;

iii.   Carol Sheetz – Director of Human Relations (hereinafter "Sheetz");

iv.   Ed Elko – Senior VP of Human Resources (hereinafter "Elko"); and

v.   Toni Miller – Senior Executive Vice President/Chief Administrative Officer (hereinafter "Miller").

21.    Instead of properly investigating and resolving his claims, Plaintiff was met with hostility, animosity, and retaliatory harassment by Defendants' management and HR personnel. For example, following his expressed concerns of discrimination:

  i. Gormley (1) accused Plaintiff of making "inflammatory statements;" (2) implied that it would be Plaintiff's fault if he were not considered for another position within the company; (3)  told Plaintiff that Boscov's may not be a fit for him; and (4) told Plaintiff that he was the "common denominator" when referring to issues occurring within Defendants' beauty department;

  ii. Murphy (1) became very aggressive with Plaintiff; (2) told Plaintiff there was no substantial proof that he was being discriminated against; (3) told Plaintiff he did not get along with other people in his department [who were all women] because he was unwilling to see their point of view; and (4) sent Plaintiff home early immediately following a complaint of gender discrimination and claimed that he was causing a disturbance (when in fact it was Murphy causing the disturbance);

  iii. Sheetz (1) dismissed Plaintiff's concerns of gender discrimination in regards to Yurkanin by refusing to investigate his complaint and simply replying "she's not making you feel demoralized" and "Nicole would never do that";

  iv. Elko (1) refused to take any notes when Plaintiff met with him in person on or about November 30, 2018  to discuss his concerns of discrimination and was told that everything Plaintiff had described was just a "lack of

communication; and (2) told Plaintiff on December 5, 2018 in a follow-up meeting (with Sheetz present via speakerphone) that:

    a. Plaintiff needed to be a "team player;"

    b. Plaintiff needed to stop emailing the store (with his concerns) because it was taking time away from running the store;

    c. Plaintiff was intimidating management;

    d. Plaintiff was a disgruntled employee;

    e. Boscov's was probably not a good fit for Plaintiff;

    f. Plaintiff wanted everyone at his beck and call; and

    g. Plaintiff and creating a negative environment.

At the end of his conversation with Elko and Sheetz on December 5, 2019, Plaintiff asked, "Is this the end of your investigation?" to which Elko responded "What investigation?" (clearly evidencing that Elko never properly investigated Plaintiff's complaints of gender discrimination).[2]

22.    In addition to the foregoing verbal discriminatory and retaliatory harassment Plaintiff was subjected to following his complaints of gender discrimination, Plaintiff was informed on February 23, 2019 that he was being demoted to the garden center.

23.    While Plaintiff was informed that the reason he was being demoted was strictly a "business decision," Defendants' decision to demote Plaintiff came shortly after his complaints of gender discrimination and just one day after expressing concerns to Gormley that a female

---

[2] The aforesaid discriminatory and retaliatory statements made by Defendants' management and HR personnel to Plaintiff following his complaints of gender discrimination are just examples and not intended to be an exhaustive list.

freelancer for Defendants stated to him "someone is going to punch you in the face one day." Not surprisingly, this female freelancer suffered no repercussions for her threatening statement and continued to perform work for Defendants.

24.    Shortly after being demoted and again complaining of discrimination and retaliation (specifically to Miller via e-mail on February 28, 2019), Plaintiff was placed on suspension and ultimately terminated from his employment with Defendants (on March 19, 2019) for completely pretextual reasons.

25.    Upon information and belief, shortly before Plaintiff was suspended and then terminated, Gormley and Murphy asked Plaintiff's coworkers to each individually write a statement claiming they were uncomfortable working with Plaintiff.

26.    It is clear that Defendants refused to remedy Plaintiff's concerns of gender discrimination, subjected him to harassment and retaliatory adverse actions in response to his complaints of gender discrimination, and then ultimately terminated his employment because of his gender and/or for engaging in protected activity under Title VII.

**First Cause of Action**
**Violations of the Title VII**
**([1] Gender Discrimination; [2] Retaliation; [3] Hostile Work Environment)**
**-Against Both Defendants-**

27.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28.    Plaintiff was subjected to a hostile work environment during his period of employment due to his gender through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him.

29.    While Plaintiff complained to various members of Defendants' management and HR department about the aforesaid discrimination he was being subjected to by his co-workers

and managers, his concerns were never properly investigated or resolved. Instead, Plaintiff was subjected to further hostility, discrimination and retaliatory harassment (discussed *supra*).

30.     Following his complaints of discrimination, Plaintiff was demoted, suspended and ultimately terminated from his employment with Defendants for completely pretextual reasons.

31.     It is believed and averred that the real reason for Plaintiff's aforesaid demotion, suspension and termination was his gender and/or his complaints of gender discrimination.

32.     These actions as aforesaid constitute violations of the Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, pension(s), reinstatement, and seniority;

B.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate, including for emotional distress;

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

E.      Plaintiff shall be permitted to have a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated:  November 16, 2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|                                          |       |                |
| ---------------------------------------- | ----- | -------------- |
| Drew Karin                               | :     | CIVIL ACTION   |
| v.                                       | :     |                |
| Boscov's Department Store, LLC, et al.   | :     | NO.            |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X )

| 11/16/2020 | Attorney-at-law | Plaintiff |
| --- | --- | --- |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _8 Deer Run Road, Apt 1, West Hazelton, PA 18202_

Address of Defendant: _4500 Perkiomen Avenue, Reading, PA 19606_

Place of Accident, Incident or Transaction: _Defendants place of business_

---

***RELATED CASE, IF ANY:***

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _11/16/2020_     _____     _ARK2484 / 91538_
                                     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*     ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

*B.*     ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Ari R. Karpf_ , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _11/16/2020_     _____     _ARK2484 / 91538_
                                      *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KARIN, DREW

## DEFENDANTS

BOSCOV'S DEPARTMENT STORE, LLC, ET AL.

**(b)** County of Residence of First Listed Plaintiff    Luzerne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Berks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| 1  U.S. Government Plaintiff | X 3  Federal Question *(U.S. Government Not a Party)* |
| 2  U.S. Government Defendant | 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane   365 Personal Injury - | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | Liability   367 Health Care/ | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment | 320 Assault, Libel & Pharmaceutical | | 820 Copyrights | 430 Banks and Banking |
| & Enforcement of Judgment | Slander Personal Injury | | 830 Patent | 450 Commerce |
| 151 Medicare Act | 330 Federal Employers' Product Liability | | 835 Patent - Abbreviated | 460 Deportation |
| 152 Recovery of Defaulted | Liability   368 Asbestos Personal | | New Drug Application | 470 Racketeer Influenced and |
| Student Loans | 340 Marine Injury Product | | 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | 345 Marine Product Liability | | | 480 Consumer Credit |
| 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| of Veteran's Benefits | 350 Motor Vehicle   370 Other Fraud | 710 Fair Labor Standards | 861 HIA (1395ff) | 850 Securities/Commodities/ |
| 160 Stockholders' Suits | 355 Motor Vehicle   371 Truth in Lending | Act | 862 Black Lung (923) | Exchange |
| 190 Other Contract | Product Liability   380 Other Personal | 720 Labor/Management | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 195 Contract Product Liability | 360 Other Personal Property Damage | Relations | 864 SSID Title XVI | 891 Agricultural Acts |
| 196 Franchise | Injury   385 Property Damage | 740 Railway Labor Act | 865 RSI (405(g)) | 893 Environmental Matters |
| | 362 Personal Injury - Product Liability | 751 Family and Medical | | 895 Freedom of Information |
| | Medical Malpractice | Leave Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights   **Habeas Corpus:** | 791 Employee Retirement | 870 Taxes (U.S. Plaintiff | 899 Administrative Procedure |
| 220 Foreclosure | 441 Voting   463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| 230 Rent Lease & Ejectment | X 442 Employment   510 Motions to Vacate | | 871 IRS—Third Party | Agency Decision |
| 240 Torts to Land | 443 Housing/ Sentence | | 26 USC 7609 | 950 Constitutionality of |
| 245 Tort Product Liability | Accommodations   530 General | | | State Statutes |
| 290 All Other Real Property | 445 Amer. w/Disabilities -   535 Death Penalty | | | |
| | Employment   **Other:** | **IMMIGRATION** | | |
| | 446 Amer. w/Disabilities -   540 Mandamus & Other | 462 Naturalization Application | | |
| | Other   550 Civil Rights | 465 Other Immigration | | |
| | 448 Education   555 Prison Condition | Actions | | |
| | 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| X 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer | 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII and PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    X Yes    No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    11/16/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**Print**    **Save As...**    **Reset**