IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DREW KARIN | : | |
| | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | 3:20-cv-02422 |
| v. | : | |
| | : | |
| BOSCOV'S DEPARTMENT STORE, LLC,: | | **JURY TRIAL DEMANDED** |
| and BOSCOV'S INC. | : | |
| | : | |
| Defendants. | : | |
| | : | |

**FIRST AMENDED CIVIL ACTION COMPLAINT**

Drew Karin (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.      This action has been initiated by Plaintiff against Boscov's Department Store, LLC and Boscov's Inc. (hereinafter collectively referred to as "Defendants") for violations of the Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq*.) and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, ("PHRA"). Plaintiff asserts, *inter alia*, that he was unlawfully terminated from Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under Title VII.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of

jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings (with respect to his Title VII claims) before initiating this action by timely filing his claims with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendants jointly own and operate department stores throughout the United States, including the Boscov's Department Store located in Hazelton, PA wherein Plaintiff physically worked.

9.      Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their

activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was hired to work for Defendants in or about April/May of 2018 as a Cosmetics Counter Manager for Elizabeth Arden.

13. At all times relevant herein, Plaintiff was supervised (directly and indirectly) by three female managers. The hierarchy of such managers during Plaintiff's employment with Defendants was as follows:

    i. Kim Gormley – Store Manager (hereinafter "Gormley");

    ii. Nicole Yurkanin – Cosmetics Manager (hereinafter "Yurkanin"); and

    iii. Melissa Krupilis – Assistant Store Manager (hereinafter "Krupilis").

14. Plaintiff is a gay male.

15. During his employment with Defendants, Plaintiff was the only male employee within the beauty department at Defendants' Hazelton, PA location.

16. While Plaintiff was an extremely dedicated and hard-working employee who performed his job well, his employment with Defendants was tainted by the hostile work environment he was consistently subjected to by his female co-workers, Yurkanin, Gormley, and Kaitlyn Murphy – Store Level Human Resources Manager (hereinafter "Murphy")

17.    For example, but not intending to be an exhaustive list:

    i.    Plaintiff was treated in a rude and demeaning manner by his female co-workers, as well as Yurkanin, Gormley, and Murphy;

    ii.    Plaintiff was accused of stealing sales from female co-workers (which is not true);

    iii.    Plaintiff's female co-workers and a female freelancer working for Defendants acted extremely aggressive towards Plaintiff, would berate him on the sales floor in front of customers and would make demeaning comments to him such as "I don't care about you or what you have to say" and "someone is going to punch you in the face one day;"

    iv.    Instead of Plaintiff's co-workers being reprimanded for their aforesaid discriminatory and unprofessional behavior, Plaintiffs' management would instead chastise Plaintiff upon reporting such conduct;

    v.    Plaintiff's managers would consistently schedule Plaintiff for less hours than his female counterparts;

    vi.    Plaintiff's managers refused to acknowledge Plaintiff's positive attributes as an employee and instead consistently scolded him for bringing to light concerns regarding discrimination and harassment within his department;

    vii.    Plaintiff had policies selectively enforced against him and was reprimanded for things that female employees would falsely claim about him; and

    viii.    Defendants' management refused to meet with Plaintiff one-on-one.

18.    Plaintiff never observed female employees within his department being treated in the same demoralizing and discriminatory manner as described *supra*.

19.    Between September of 2018 and Plaintiff's termination in March of 2019 (discussed further *infra*), Plaintiff complained on numerous occasions to various members of Defendants' management and Human Resources (HR) department about the discriminatory treatment that he was being subjected to on account of his gender.

20.    The individuals that Plaintiff complained to regarding the aforesaid gender discrimination he was being subjected to included but was not limited to:

    i.    Gormley;

    ii.    Murphy;

    iii.    Carol Sheetz – Director of Human Relations (hereinafter "Sheetz");

    iv.    Ed Elko – Senior VP of Human Resources (hereinafter "Elko"); and

    v.    Toni Miller – Senior Executive Vice President/Chief Administrative Officer (hereinafter "Miller").

21.    Instead of properly investigating and resolving his claims, Plaintiff was met with hostility, animosity, and retaliatory harassment by Defendants' management and HR personnel. For example, following his expressed concerns of discrimination:

    i.    Gormley (1) accused Plaintiff of making "inflammatory statements;" (2) implied that it would be Plaintiff's fault if he were not considered for another position within the company; (3) told Plaintiff that Boscov's may not be a fit for him; and (4) told Plaintiff that he was the "common denominator" when referring to issues occurring within Defendants' beauty department;

ii. Murphy (1) became very aggressive with Plaintiff; (2) told Plaintiff there was no substantial proof that he was being discriminated against; (3) told Plaintiff he did not get along with other people in his department [who were all women] because he was unwilling to see their point of view; and (4) sent Plaintiff home early immediately following a complaint of gender discrimination and claimed that he was causing a disturbance (when in fact it was Murphy causing the disturbance);

iii. Sheetz (1) dismissed Plaintiff's concerns of gender discrimination in regards to Yurkanin by refusing to investigate his complaint and simply replying "she's not making you feel demoralized" and "Nicole would never do that";

iv. Elko (1) refused to take any notes when Plaintiff met with him in person on or about November 30, 2018  to discuss his concerns of discrimination and was told that everything Plaintiff had described was just a "lack of communication; and (2) told Plaintiff on December 5, 2018 in a follow-up meeting (with Sheetz present via speakerphone) that:

    a. Plaintiff needed to be a "team player;"

    b. Plaintiff needed to stop emailing the store (with his concerns) because it was taking time away from running the store;

    c. Plaintiff was intimidating management;

    d. Plaintiff was a disgruntled employee;

    e. Boscov's was probably not a good fit for Plaintiff;

6

f.  Plaintiff wanted everyone at his beck and call; and

g.  Plaintiff and creating a negative environment.

At the end of his conversation with Elko and Sheetz on December 5, 2019, Plaintiff asked, "Is this the end of your investigation?" to which Elko responded "What investigation?" (clearly evidencing that Elko never properly investigated Plaintiff's complaints of gender discrimination).[1]

22.    In addition to the foregoing verbal discriminatory and retaliatory harassment Plaintiff was subjected to following his complaints of gender discrimination, Plaintiff was informed on February 23, 2019 that he was being demoted to the garden center.

23.    While Plaintiff was informed that the reason he was being demoted was strictly a "business decision," Defendants' decision to demote Plaintiff came shortly after his complaints of gender discrimination and just one day after expressing concerns to Gormley that a female freelancer for Defendants stated to him "someone is going to punch you in the face one day." Not surprisingly, this female freelancer suffered no repercussions for her threatening statement and continued to perform work for Defendants.

24.    Shortly after being demoted and again complaining of discrimination and retaliation (specifically to Miller via e-mail on February 28, 2019), Plaintiff was placed on suspension and ultimately terminated from his employment with Defendants (on March 19, 2019) for completely pretextual reasons.

---

[1] The aforesaid discriminatory and retaliatory statements made by Defendants' management and HR personnel to Plaintiff following his complaints of gender discrimination are just examples and not intended to be an exhaustive list.

7

25.     Upon information and belief, shortly before Plaintiff was suspended and then terminated, Gormley and Murphy asked Plaintiff's coworkers to each individually write a statement claiming they were uncomfortable working with Plaintiff.

26.     It is clear that Defendants refused to remedy Plaintiff's concerns of gender discrimination, subjected him to harassment and retaliatory adverse actions in response to his complaints of gender discrimination, and then ultimately terminated his employment because of his gender and/or for engaging in protected activity under Title VII.

**COUNT I**
**Violations of Title VII**
**([1] Gender Discrimination; [2] Retaliation; [3] Hostile Work Environment)**
**-Against Both Defendants-**

27.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28.     Plaintiff was subjected to a hostile work environment during his period of employment due to his gender through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him.

29.     While Plaintiff complained to various members of Defendants' management and HR department about the aforesaid discrimination he was being subjected to by his co-workers and managers, his concerns were never properly investigated or resolved. Instead, Plaintiff was subjected to further hostility, discrimination and retaliatory harassment (discussed *supra*).

30.     Following his complaints of discrimination, Plaintiff was demoted, suspended and ultimately terminated from his employment with Defendants for completely pretextual reasons.

31.     It is believed and averred that the real reason for Plaintiff's aforesaid demotion, suspension and termination was his gender and/or his complaints of gender discrimination.

32.     These actions as aforesaid constitute violations of Title VII.

**COUNT II**
**Violations of the PHRA**
**([1] Gender Discrimination; [2] Retaliation; [3] Hostile Work Environment)**
**-Against Both Defendants-**

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff was subjected to a hostile work environment during his period of employment due to his gender through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him.

35. While Plaintiff complained to various members of Defendants' management and HR department about the aforesaid discrimination he was being subjected to by his co-workers and managers, his concerns were never properly investigated or resolved. Instead, Plaintiff was subjected to further hostility, discrimination and retaliatory harassment (discussed *supra*).

36. Following his complaints of discrimination, Plaintiff was demoted, suspended and ultimately terminated from his employment with Defendants for completely pretextual reasons.

37. It is believed and averred that the real reason for Plaintiff's aforesaid demotion, suspension and termination was his gender and/or his complaints of gender discrimination.

38. These actions as aforesaid constitute violations of the PHRA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, pension(s), reinstatement, and seniority;

9

B.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate, including for emotional distress;

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

E.      Plaintiff shall be permitted to have a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:      _____
Ari R. Karpf, Esq.
Christine E. Burke, Esq.
J. Patrick Griffin, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 2, 2021

10